**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| NATIONAL ASSOCIATION OF BROADCASTERS,<br><br>      Petitioner,<br><br>  v.<br><br>FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA,<br><br>      Respondents. | No. 14-1154 |

**COMPETITIVE CARRIERS ASSOCIATION'S MOTION FOR LEAVE TO INTERVENE IN SUPPORT OF RESPONDENT**

Pursuant to 28 U.S.C. § 2348 and Federal Rule of Appellate Procedure 15(d), Competitive Carriers Association (CCA) moves for leave to intervene in support of the Federal Communications Commission (FCC or Commission) in the above-captioned proceeding.

Petitioner seeks review of the Commission's order structuring the upcoming incentive auction of wireless spectrum currently used for broadcast television, which was authorized by the Middle Class Tax Relief and Job Creation Act of 2012, Pub. L. No. 112-96, § 6402 (2012). *See Expanding the Economic and Innovation Opportunities of Spectrum Through Incentive Auctions*, Report and

1

Order, GN Dkt. No 12-268 (rel. June 2, 2014). If successful, Petitioner's appeal will harm CCA and its members in several ways.

First, Petitioner's theory, if accepted, may well block CCA's members from obtaining crucial spectrum. Competitive wireless carriers such as CCA's members have a particularly acute need for the "beachfront" low-band spectrum licenses to be auctioned because that spectrum offers unique capabilities for expanding coverage in rural areas and reaching wireless customers indoors. CCA thus actively participated in the rulemaking proceedings as part of its mission to advocate for spectrum access for its members, and CCA members intend to aggressively bid in the upcoming auction. *See, e.g.*, Competitive Carriers Association, *Promoting Competition, Curtailing Excessive Market Power* (June 2013), *attached to* Ex Parte Notice of Competitive Carriers Association, GN Docket 12-268 & GN Docket 12-269 (filed July 1, 2013).

But Petitioner's challenge threatens to derail the incentive auction, preventing the FCC from making additional spectrum available to mobile broadband providers, including CCA's carrier members. Petitioner asks this Court to require the FCC to continue using outdated software and assumptions to calculate estimated television service projections in accordance with the FCC's Office of Engineering and Technology Bulletin No. 69 (OET-69). That legacy software is time-consuming and produces variable results depending on which

assumptions are used, making the already complex auction process practically impossible to conduct.  In contrast, *TVStudy*, the FCC's updated software suite, provides a rapid, consistent method for performing OET-69 calculations—a necessity given the need to calculate and recalculate broadcast contours in real time as the auction proceeds.  *See, e.g.*, Office of Engineering and Technology Releases and Seeks Comment on Updated OET-69 Software, *Public Notice*, DA 13-138, ET Dkt. No. 13-26 & GN Dkt. No. 12-268 (rel. Feb. 4, 2013).

Second, Petitioner's challenge threatens to harm CCA and its members because a decision vacating the challenged rules will force the FCC to delay the auction while it undertakes a lengthy, complex new rulemaking process.  No adequate substitute is available for the spectrum to be auctioned, and delays in accessing these licenses threaten CCA's members' ability to compete with the nationwide carriers that currently hold more than two-thirds of the existing low-band spectrum.  Thus, CCA and its members would be aggrieved by reversal or modification of the Commission's order and are entitled to intervene as of right.  *See* 28 U.S.C. § 2348.

For the foregoing reasons, the Court should grant CCA's motion to intervene.

Respectfully submitted,

/s/ Dominic F. Perella
DOMINIC F. PERELLA
ELIZABETH AUSTIN BONNER
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-6452
dominic.perella@hoganlovells.com

Dated:  September 17, 2014                *Counsel for Competitive Carriers Association*

**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| NATIONAL ASSOCIATION OF BROADCASTERS,<br><br>Petitioner,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA,<br><br>Respondents. | No. 14-1154 |

**PROPOSED INTERVENOR'S CORPORATE DISCLOSURE STATEMENT**

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Circuit Rule 26.1, Competitive Carriers Association (CCA) hereby submits this Corporate Disclosure Statement. CCA has no parent company. No publicly held company has a 10 percent or greater ownership interest in CCA. CCA is the nation's leading association of competitive wireless providers and stakeholders, representing the interests of approximately 100 wireless telecommunications providers. The licensed service area of CCA's carrier members covers 95 percent of the United States.

1

                                  Respectfully submitted,

                                  <u>/s/ Dominic F. Perella</u>
                                  DOMINIC F. PERELLA
                                  ELIZABETH AUSTIN BONNER
                                  HOGAN LOVELLS US LLP
                                  555 Thirteenth Street, N.W.
                                  Washington, D.C. 20004
                                  (202) 637-6452
                                  dominic.perella@hoganlovells.com

Dated:  September 17, 2014          *Counsel for Competitive Carriers Association*

**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| NATIONAL ASSOCIATION OF BROADCASTERS,<br><br>            Petitioner,<br><br>     v.<br><br>FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA,<br><br>            Respondents. | No. 14-1154 |

**PROPOSED INTERVENOR'S CERTIFICATE AS TO PARTIES**

Pursuant to Circuit Rule 27(a)(4) and Circuit Rule 28(a)(1)(A), Competitive Carriers Association (CCA) hereby certifies that in Case No. 14-1154 the Petitioner is the National Association of Broadcasters and the Respondents are the Federal Communications Commission (FCC) and the United States of America. CCA seeks leave to appear in this matter as an Intervenor in support of the FCC. No *amici* have appeared before this Court.

1

                                              Respectfully submitted,

                                              <u>/s/ Dominic F. Perella</u>
                                              DOMINIC F. PERELLA
                                              ELIZABETH AUSTIN BONNER
                                              HOGAN LOVELLS US LLP
                                              555 Thirteenth Street, N.W.
                                              Washington, D.C. 20004
                                              (202) 637-6452
                                              dominic.perella@hoganlovells.com

Dated:  September 17, 2014        *Counsel for Competitive Carriers Association*

## CERTIFICATE OF SERVICE

I certify that on September 17, 2014, the foregoing was electronically filed through this Court's CM/ECF system, which will send a notice of filing to all registered users.

                                Respectfully submitted,

                                <u>/s/ Dominic F. Perella</u>
                                DOMINIC F. PERELLA
                                ELIZABETH AUSTIN BONNER
                                HOGAN LOVELLS US LLP
                                555 Thirteenth Street, N.W.
                                Washington, D.C. 20004
                                (202) 637-6452
                                dominic.perella@hoganlovells.com

Dated: September 17, 2014        *Counsel for Competitive Carriers Association*